IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:19-MC-80562-DIMITROULEAS/MATTHEWMAN

ALL-TAG CORP.,

    Plaintiff,

v.

CHECKPOINT SYSTEMS, INC.,

    Defendant.



## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL NON-PARTY NEDAP, INC. TO PRODUCE ALL DOCUMENTS RESPONSIVE TO SUBPOENA [DE 1] AND REQUIRING FURTHER CONFERRAL AND SETTING HEARING

**THIS CAUSE** is before the Court upon Defendant, Checkpoint Systems, Inc.'s ("Defendant") Motion to Compel Non-Party Nedap, Inc. ("Nedap") to Produce all Documents Responsive to Subpoena [DE 1]. This matter was referred to the undersigned upon an Order referring all discovery matters to the undersigned for appropriate disposition. *See* DE 6. Non-Party Nedap filed its Response [DE 13] on May 6, 2019, and Defendant filed its Reply [DE 14][1]. On May 13, 2019, Defendant and Nedap filed their Joint Notice [DE 18]. The Court held a hearing on the Motion on May 15, 2019.

In its Motion, Defendant asks the Court to enter an Order compelling Nedap to produce all documents and information responsive to its Subpoena to Produce Documents served on January

---

[1] The sealed, unredacted version of the Reply is docketed at DE 17.

4, 2019.

Specifically, the Subpoena seeks:

1. Documents sufficient to show the following information for your sales of EAS systems to Retailers:
   a. The entities to whom you sold the EAS systems;
   b. When you sold the EAS systems to those persons;
   c. The quantities of EAS systems sold; and
   d. The prices of the EAS systems.
2. Documents sufficient to show the following information for your sales of EAS labels to Retailers:
   a. The entities to whom you sold the EAS labels;
   b. When you sold the EAS labels to those persons;
   c. The quantities of EAS systems sold; and
   d. The prices of the EAS labels.
3. Documents sufficient to show the following information for your sales of EAS labels to manufacturers, distributors, or packagers of packaged goods; or through any source-tagging arrangement:
   a. The entities to whom you sold the EAS labels;
   b. When you sold the EAS labels to those persons;
   c. The quantities of EAS systems sold; and
   d. The prices of the EAS labels.
4. Agreements between Nedap and any of the following entities relating to EAS (including installation or service), CCTV, and Fire/Intrusion services.
   a. All-Tag Corporation
   b. FE Moran Security Solutions
   c. Best Security Industries
   d. Controltek, and
   e. S-Tran
5. Documents sufficient to show the geographic areas in the United States where Nedap (either on its own or in affiliation with another entity or entities) can provide installation and/or service of EAS systems.
6. Proposals, bids, presentations, or offering materials provided to Retailers regarding the sale, installation, or service of EAS systems.
7. Agreements with Retailers regarding the sale, installation, or service of EAS systems.
8. Documents concerning the performance of All-Tag's RF labels, including test reports (for example, only tests that were performed in or about October 2015), analyses of testing data, comparisons with other RF labels, and communications (both internal and external) regarding the foregoing.

The Court has carefully considered the Motion [DE 1], the Joint Notice [DE 18], the arguments presented by the Defendant and by Nedap at the May 15, 2019 hearing, and the entire docket in this case, which is pending at 9:17-CV-81261-DIMITROULEAS/MATTHEWMAN. At the hearing, counsel for Defendant and Nedap represented to the Court that they had narrowed down many of the issues presented in the Motion and had come to a tentative compromise regarding some of the disputes. Three issues remained for the Court to determine: 1) the production of Nedap's aggregate sales information, for the relevant time period, sorted by product; 2) the production of correspondence related to Nedap's 2015 testing of Plaintiff All-Tag's labels; and 3) the marketing materials that Nedap has provided to Retailers, including a list of the Retailers to whom the materials were provided. After careful consideration, and as stated in open court, it is hereby **ORDERED** as follows:

1. Defendant's Motion to Compel Non-Party Nedap, Inc. to Produce all Documents Responsive to Subpoena [DE 1] is **GRANTED** to the extent that Defendant seeks to compel Nedap to produce Nedap's aggregate sales information, sorted by product, between 2012 and 2016. Defendant and Nedap represented to the Court at the May 15, 2019 hearing that Nedap has already provided the sales information from 2016 to present. However, Nedap represented at the hearing that two foreign Nedap entities, Nedap NV and Nedap Asia[2] are the entities that are in control of the sales information from 2012 to 2016. Nedap stated at the hearing that it could request the information from the two foreign entities in order to produce the information to Defendant. Nedap

---

[2] Nedap, Inc. is headquartered in the United States.

3

is hereby **ORDERED** to request the sales information in dispute from those two foreign Nedap entities and produce it to Defendant, and to provide a copy to Plaintiff. By agreeing to request this information, Nedap does not waive any objections or rights to the production of further discovery. Nedap shall produce this discovery to Defendant (with a copy to Plaintiff) on or before May 24, 2019.

2. Defendant's Motion to Compel Non-Party Nedap, Inc. to Produce all Documents Responsive to Subpoena [DE 1] is **DENIED** to the extent that Defendant seeks to compel Nedap to produce correspondence related to Nedap's 2015 testing of Plaintiff All-Tag's labels. Defendant asserts that it seeks the correspondence for its defense of Plaintiff's Lanham Act claims for alleged disparagement based on Checkpoint's own performance studies of All-Tag labels. [DE 18, pg. 2]. However, Nedap has already produced the test results for the performance study at issue to Defendant. The Court finds that correspondence between Nedap employees related to the testing is not relevant or proportional to the needs of this case, pursuant to Federal Rule of Civil Procedure 26(b)(1), considering that Defendant is already in possession of the test results.

    3. The Court will **RESERVE** Ruling on Defendant's Motion to Compel Non-Party Nedap, Inc. to Produce all Documents Responsive to Subpoena [DE 1] to the extent that Defendant seeks the production of the marketing materials that Nedap has provided to Retailers, including a list of the Retailers to whom the materials were provided. Defendant argues that the production of this information would level the playing field, because Plaintiff has recently retained a former Nedap employee, Patrick

4

O'Leary, as an expert witness in this matter and thus Plaintiff allegedly already has access to this information through Mr. O'Leary. Defendant argues that it should be entitled to rely on the same information that Mr. O'Leary may be relying on as an expert witness. Defendant also argues that Nedap's production of the list of Retailers that Nedap markets to would eliminate or limit the need for Defendant to enforce subpoena against five different Integrators who sell Nedap's products to Retailers. In response, Nedap asserts that it has provided the exemplar PowerPoint presentation, but it cannot identify the Retailers in the presentation due to Non-Disclosure Agreements. The Court will **RESERVE** ruling on this issue. Defendant and Nedap shall continue to confer in an attempt to come to a resolution on this matter. On or before **May 31, 2019**, Defendant and Nedap shall submit to the Court either a proposed order memorializing Defendant and Nedap's agreement, or they shall file a Joint Notice advising the Court on what, if anything, has been resolved and the specific issues that remain in dispute, as well as the position of each party on the specific remaining dispute(s). The Court hopes that Defendant and non-party Nedap will resolve this issue on their own. However, if they are unable to do so, the Court will decide the issue promptly.

4. It is hereby **ORDERED** that a further discovery hearing on this Motion shall be held as follows[3]:

---

[3] If, in Defendant and Nedap's Joint Notice filed on May 31, 2019, Defendant and Nedap inform the Court that they have completely resolved this issue, the Court will consider cancelling the discovery hearing scheduled for June 6, 2019 as to this Motion only.

|        |                              |
|--------|------------------------------|
| DATE:  | Thursday, June 6, 2019       |
| TIME:  | 2:00 P.M.[4]                 |
| PLACE: | United States District Court |
|        | 701 Clematis Street          |
|        | West Palm Beach, Florida     |
|        | Courtroom: 6, Third Floor    |

5. The Clerk is **DIRECTED** to mail a copy of this Order to counsel for Nedap, Christopher Naveja, Esq., of Saul Ewing Amstein & Lehr, LLP, 161 North Clark Street, Suite 4200, Chicago, Illinois 60601. Additionally, counsel for Defendant is **ORDERED** to email a copy of this Order to counsel for the non-party.

**DONE and ORDERED** in Chambers this 16th day of May, 2019, at West Palm Beach, Palm Beach County in the Southern District of Florida.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[4] To promote judicial and attorney economy, the Court is setting this Motion for hearing at the same date and time of a motion hearing in the related case 9:17-cv-81261-Dimitrouleas/Matthewman.