**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| ALL-TAG CORP., <br><br> Plaintiff, <br><br> v. <br><br> CHECKPOINT SYSTEMS, INC., <br><br> Defendant. | Case No. 9:19-mc-80562-WPD <br><br> Judge William P. Dimitrouleas <br><br> Magistrate Judge William Matthewman |

**JOINT NOTICE**

Pursuant to the Court's May 16, 2019 Order (the "Order") [D.E. 20], Checkpoint Systems, Inc. ("Checkpoint") and Nedap, Inc. ("Nedap") submit this Joint Notice advising the Court on whether the outstanding discovery dispute indicated in paragraph 3 in the Order has been resolved, the specific issues that remain for determination, and the position of each party on the specific disputes.

**I.     THE PARTIES' ATTEMPTS TO MEET AND CONFER**

Since the entry of the Order, the parties conferred via telephone conference on several occasions, with the last meet and confer occurring on May 31, 2019. During those meet and confers, the parties have made significant progress in resolving all issues, but one issue remains. The parties continue to discuss resolving this dispute and will advise the Court prior to the June 6, 2019 hearing if they are able to do so.

**II.    RESOLVED ISSUES**

Nedap has produced product sales information that Checkpoint finds acceptable. Nedap has also identified 25 retailers to which it marketed its product and referred to one or more of its integrators.

**III.   UNRESOLVED ISSUES**

Checkpoint has requested the marketing piece presented to 9 of the 25 retailers identified. Nedap's position is that providing the list of retailers is a good faith attempt to comply with the subpoena. This is similar information as provided by other third party subpoena respondents pursuant to an agreed order in the related action. Notwithstanding this, Checkpoint still seeks the specific PowerPoint presentations provided to a subset of the list of retailers. It is

Nedap's position that Checkpoint has failed to establish sufficient need to warrant the production of such proprietary business information from a non-party. Checkpoint disagrees and believes that the presentations are highly relevant and a reasonable compromise.

Dated: May 31, 2019                                     Respectfully submitted,


 _/s/ John Turner_                                      _/s/ Gavin C. Gaukroger_
*One of the attorneys for Non-Party Nedap, Inc.*        *One of the attorneys for Defendant*
                                                        *Checkpoint Systems, Inc.*

Saul Ewing Arnstein & Lehr, LLP
John Turner                                             BERGER SINGERMAN LLP
Northbridge Center, Suite 1400                          Gavin C. Gaukroger
515 North Flagler Drive                                 350 East Las Olas Boulevard, Suite 1000
West Palm Beach, FL 33401                               Fort Lauderdale, Florida 33301
john.turner@saul.com                                    954-525-9900
                                                        ggaukroger@bergersingerman.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 31st day of May 2019, a true and correct copy of the foregoing Joint Notice was served via CM/ECF on counsel of record in this case and via e-mail to:

Damon Suden
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178
212-808-7800
Email: ahorvath@KelleyDrye.com
Email: dsuden@KelleyDrye.com

Julian Solotorovsky
Matthew C. Luzadder
Kelley Drye & Warren LLP
333 West Wacker Drive
Chicago, IL 60606
312-857-7070
Email: jsolotorovsky@KelleyDrye.com
Email: mluzadder@kelleydrye.com

William A. MacLeod
Kelley Drye & Warren LLP
3050 K Street NW, Suite 400
Washington, DC 20007
202-342-8811
Email: wmacleod@kelleydrye.com

Christopher W. Kammerer
John F. Mariani
Kammerer Mariani PLLC
1601 Forum Place, Suite 500
West Palm Beach, FL 33401
561-990-1592
Email: ckammerer@kammerermariani.com
Email: jmariani@kammerermariani.com

John B. Williams
Williams Lopatto PLLC
1707 L Street NW, Suite 550
Washington, DC 20036
202-296-1611
Email: jbwilliams@williamslopatto.com

                                        */s/ Gavin C. Gaukroger*
                                           Gavin C. Gaukroger, Esq.